IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02909-BNB

LATOYA GRADY,

    Plaintiff,

v.

DIRECTV CUSTOMER SERVICES INC,
BARNETT ASSOCIATES INC,
LAURA BARNETT,
ALAN PALMER,
JESSICA SISNEROS,
ROCIO VEGA, and
JOHN DOES 1-10,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Latoya Grady, has filed *pro se* a Title VII Complaint and Jury Trial Demand (ECF No. 1).  The court must construe the complaint liberally because Ms. Grady is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Ms. Grady will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

    The complaint is deficient.  First, Ms. Grady fails to provide an address where each Defendant may be served.

    The complaint also does not comply with the pleading requirements of Rule 8 of

the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Grady fails to provide a short and plain statement of her claims showing she is entitled to relief. In particular, Ms. Grady fails to allege specific facts in support of her claims that demonstrate her rights have been violated. Ms. Grady's discrimination claims, based on vague and conclusory allegations that she is a biracial, African-American woman and that she was discriminated against because of her race, color, and sex, do not satisfy the pleading requirements of Rule 8. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how

liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The only specific factual allegation Ms. Grady offers in support of the discrimination claims is that a team leader mimicked and made fun of the way she speaks because of her "somewhat country accent." (ECF No. 1 at 9.) Even accepting this allegation as true, it is not apparent how mimicking and making fun of Ms. Grady's "somewhat country accent" supports a claim of discrimination on the basis of race, color, or sex. Ms. Grady similarly fails to provide specific factual allegations in support of her state law claims that demonstrate she is entitled to relief in this action.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Ms. Grady must file an amended complaint. Ms. Grady must identify, clearly and concisely, the specific claims she is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Ms. Grady file, **within thirty (30) days from the date of this**

**order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Ms. Grady shall obtain the appropriate court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Grady fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 30, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge